**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SAMANTHA JENKINS et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE CITY OF JENNINGS )<br><br>Defendant. ) | Case No. 4:15-cv-252-CEJ<br><br>(Class Action) |

**JOINT MOTION FOR ENTRY OF FINAL DECLARATORY**
**AND INJUNCTIVE RELIEF AND JOINT STIPULATION OF DISMISSAL**

Since this case was filed on February 8, 2015, the parties have worked together to resolve the case and the issues that it presents efficiently and without unnecessary and costly litigation. The Parties have reached a settlement agreement to resolve the declaratory and injunctive portions of this case.

The Parties in the above-styled action therefore jointly make the following submission:

1) The parties have agreed on the basic legal principles that relate to several of the Plaintiffs' claims and, instead of engaging in lengthy adversarial litigation, the parties have attached to this Motion a Joint Memorandum of law in support of their Joint Motion for the entry of declaratory relief. *See* Exhibit 1. Subject to approval by the Court, the parties jointly move for the entry of a declaratory judgment as follows:

a. It violates the Constitution to incarcerate an individual in jail, either before or after trial, solely because an individual does not have the ability to make a monetary payment pursuant to the constitutional principles established by the United States Supreme Court in Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 264, 76 L.Ed.2d 221 (1983). Based upon these constitutional principles, and pursuant to § 560.031 R.S.Mo. and Missouri Supreme Court Rule 37.65 effective July 1, 2015, no individual can be held in jail for non-payment of a fine and/or costs imposed by a Municipal Court without a meaningful inquiry into

the person's ability to pay, which would include notice and an opportunity to present evidence, and without the appointment of counsel.

b.  The use of a secured bail schedule to set the conditions for release of a person in custody after arrest for an offense that may be prosecuted by the City of Jennings implicates the protections of the Equal Protection Clause when such a schedule is applied to the indigent.  No person may, consistent with the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, be held in custody after an arrest because the person is too poor to post a monetary bond.  If the government generally offers prompt release from custody after arrest upon posting a bond pursuant to a schedule, it cannot deny a prompt release from custody to a person because the person is financially incapable of posting such a bond.

c.  The United States Supreme Court has held that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution may be implicated when a state utilizes debt collection procedures to collect debts owed to the state that are materially different from debt collection procedures available under state law for private creditors to collect debts.  To ensure compliance with the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, fines and costs imposed by a Municipal Court should be collected by any means authorized by law, including means for the enforcement of civil money judgments as authorized by § 560.031 R.S.Mo. and Missouri Supreme Court Rule 37.65 effective July 1, 2015.  In no event shall debts from municipal court cases be collected in a manner that deprives debtors of substantial rights available to other civil judgment debtors.

2)  The parties further jointly move the Court to enter an injunction requiring that:

A. All cases in the Jennings Municipal Court will comply with the following principles:

i.  When fines and costs are assessed after an individual pleads guilty to an offense or an adjudication of guilt is made by the Court, the judge will ask the individual if they can afford to pay the full amount of the fines and costs.  If the individual is able to pay the fines and costs on the same day, the individual will be directed to the pay window or otherwise informed how to make payment.  The full amount of fines and costs will be paid and the case will be closed.

ii.  If the individual tells the Court that he or she is unable to pay on the same day, the individual will be directed to the payment window and given a form with the following options, and the option selected by the individual will be ordered by the Court: (a) placed on a payment plan to pay the fines and costs on a certain date if the individual confirms that the payment can be made on a certain date, with the individual also being told that the total payment must be made within six months of the court date (in no event will a person be charged extra fees for participation in a payment plan); (b) placed on a payment plan to make monthly payments and given a compliance date to make full payment of the fines and costs within six months of the court date; and (c) the individual will be given the opportunity to

complete a financial hardship form and given the opportunity to then present the financial hardship form to the judge to discuss the individual's financial status and condition.  The individual will complete the financial hardship form under the penalty of perjury and/or contempt of court and if the individual meets an objective definition of indigence to be agreed upon by the Parties, the judge will give the option to the individual to suspend the payment of fines and costs and satisfy the judgment by performing community service at a fixed hourly rate of at least $10.00 per hour, to attend an approved social program, or to pay the money owed on the fines and costs in monthly payments to be paid in full within six months of the court date.  In either case, the judge has the discretion to reduce the fines and costs based upon the financial condition of the individual pursuant to R.S.Mo. § 560.026.1 (2000).  The judge will consider an individual to be indigent if the individual is determined to be at or below 125% of the Federal Poverty Level or, if the person is above 125% of the poverty line, the judge will make an individualized assessment of the person's ability to pay based on the totality of the circumstances.  If the individual chooses the option of community service, the individual will be given 14 days to provide the name and address of the organization and authorization from a representative of the organization for whom the community service will be performed to the Jennings Municipal Court for approval with the agreement that the community service will be performed within six months of the approval.  The Jennings Municipal Court shall have available at least two community service options that people can choose should they not be able to find their own placement and will provide names of approved social programs that the individual can attend.  If the individual chooses the option of attending an approval social program, the individual will be given 14 days to provide the name of the social program and confirmation that the individual has enrolled in the social program with the agreement that the individual will complete the program within six months.

All forms created for individuals requesting payment on a certain date and a payment plan to pay the fines and costs within six months of the court date will confirm to the individuals that the failure to pay the fines and costs as agreed will result in the City of Jennings referring the collection of the fines and costs to a civil debt collector for collection.  The form will also confirm that the performance of community service and/or the certified completion of an approved social program as ordered will result in the full payment of the fines and costs.  Moreover, if an individual accepts the option of performing community service or to attend an approved social program to pay the fines and costs, the form will also confirm that the failure to perform the community service or complete the approved social program as agreed will result in the fines and costs being reinstated and turned over to a civil debt collector for collection.  The individual will be given credit for the community service performed when the fines and costs are reinstated for the failure to perform an amount of community service to pay the entire fine and costs.

iii.   The City of Jennings will eliminate the payment docket.  All debts for fines and costs will be collected in a manner consistent with the enforcement of civil monetary judgments under Missouri law.  If fines and costs are not paid or resolved by community service or waived within six months from the date assessed and/or approved, the City of Jennings will refer the debt to a civil debt collector and take no further action in the municipal court.  As stated above, this process will be communicated to every individual when the fines and costs are assessed through the use of court forms.  In no event will a civil collector be permitted to charge debtors additional fees in addition to the total amount of court debts owed, and the City agrees not to contract with any debt collector who threatens debtors with prosecution or incarceration for non-payment.

iv.   The City of Jennings will comply with all laws of the State of Missouri relating to the operation of a Municipal Court, including all statutes contained in Senate Bill No. 5.  If any change in state law creates a conflict with the terms of this agreement, the City will notify opposing counsel and the Court as soon as practicable so that appropriate action, if any, can be taken.

B.  The City of Jennings and all of its officers, employees, and agents will not utilize secured money bail for persons in the custody of the City on arrest, either without a warrant or on the initial warrant issued, for any violation that may be prosecuted by the City.

i.   The City of Jennings and all of its officers, employees, and agents will offer every person in the custody of the City on arrest, either without a warrant or on the initial warrant issued, for any violation that may be prosecuted by the City, release from custody of the City on recognizance or on an unsecured bond as soon as practicable after booking.

ii.   An exception to the use of a recognizance or unsecured bond for an arrest as soon as practicable after booking shall be for individuals arrested for domestic assault, intentional assault or threatening conduct, and/or assault.  These individuals will be held in the City of Jennings Jail up to 24 hours pursuant to the terms of § 544.170 R.S.Mo. (2000).  These individuals will either be held in jail for up to 24 hours and then released on recognizance or unsecured bond or brought before the Court within 24 hours of arrest for potential imposition of conditions for release other than the posting of money bond or for a determination that release must be denied to prevent danger to a victim, the community, or any other person under applicable constitutional standards.  At such a preventative detention hearing, the protections identified in United States v. Salerno, 481 U.S. 739 (1987) will be available if anyone is detained pending trial.  If the judge does impose conditions of release for these individuals, individuals who violate conditions of release shall be subject to such actions as determined by the Court pursuant to applicable law.  If the individual is released during the 24-hour period on recognizance or an unsecured bond, the City of Jennings will either serve the individual with a summons or citation with a specified court date upon release or send a summons

4

with specified charges and a specified court date to the individual at the individual's last known address by certified and regular mail.

iii.    Another exception to the use of a recognizance or unsecured bond for an arrest as soon as practicable after booking shall be for individuals arrested who appear to be incapacitated or intoxicated.  These individuals will be held in the City of Jennings Jail up to 12 hours pursuant to the terms of R.S.Mo. 67.315.  These individuals will be held in custody up to 12 hours and released on recognizance or unsecured bond and will be either served with a summons or citation with a specified court date upon release or sent a summons with specified charges and specified court date at the individual's last known address by certified and regular mail.

iv.    If an individual fails to appear on a court date in the Jennings Municipal Court specified on a summons and/or a citation, the Jennings Municipal Court will send another summons to that individual that confirms that the individual has missed a court date and further confirms if the individual does not appear on a new court date set in the summons that a warrant will be issued for the individual's arrest.  This summons will be sent by regular mail to the individual's last known address.  If the individual misses the second court date, the Jennings Municipal Court will issue a warrant for the individual's arrest.  The individual will be mailed a notification by regular mail at the individual's last known address that the warrant has been issued with a copy of the warrant.  The notification will confirm to the individual that the warrant can be removed and a new court date scheduled by the municipal court if the individual will appear in person at the Clerk's Office of the municipal court to schedule a new court date.  If the individual chooses to appear in person at the Jennings Municipal Court Clerk's Office to schedule a new court date, the individual will be given a summons confirming the new court date to be signed by the individual which will also confirm that another warrant will be issued for the individual's arrest if the individual fails to appear at the Jennings Municipal Court on the new court date.

If the individual fails to appear in person at the Jennings Municipal Court Clerk's Office to request the warrant to be removed, the warrant will remain outstanding.  If the individual is arrested on that warrant, the individual will be processed in the City of Jennings Jail and given a recognizance and will sign a form containing a new court date.  Thereafter, the Jennings Municipal Court will send a new summons to the individual with the new court date to the individual's last known address by regular mail.

If the individual then fails to appear on this new court date after procuring a new court date from the Municipal Clerk or service of the first warrant, then the Jennings Municipal Court will issue a new warrant with an unsecured bond.  If the individual is arrested on this warrant, the individual will sign a form that will confirm a new court date and that the unsecured bond will be forfeited and converted to a judgment against the individual upon the individual's subsequent

failure to appear at the new court date.  The form will also confirm that if the individual does not appear on the new court date and the unsecured bond is converted to a judgment, that the City of Jennings will refer the collection of  the debt for the unsecured bond to a civil debt collector if the debt is not paid by the individual within six months of the date the judgment is entered.  At any time after any non-appearance, the City of Jennings may take appropriate and lawful steps under the state law to convert any unsecured bond into a civil money judgment.

If the person fails to appear at the subsequent proceeding, the City's Municipal Court may, in its discretion, issue a new warrant and the City may arrest the person.  Upon arrest, the City may detain the person in custody without bond for up to 48 hours so that the person may be brought before a judge for the consideration of their underlying case and, if further proceedings are necessary, for individualized consideration of detention or conditions of release provided that no person will be denied pretrial release because of their individual inability to make a monetary payment.

v.   If Jennings has in its custody a person on behalf of another municipality, Jennings will make efforts to determine as soon as practicable why the other jurisdiction is holding the person in custody.  Jennings will not keep an arrestee in jail on behalf of another municipality if it learns that the person is being held pursuant to a monetary bond (at which point it shall release the person immediately) and in no event will Jennings keep a person in its custody on behalf of another municipality for longer than 24 hours unless it is determined that the individual will be brought before a court within 48 hours for potential imposition of conditions of release other than the posting of money bond or for a determination that the release must be denied to prevent danger to a victim, the community, or any other person under applicable constitutional standards.

vi.   The City of Jennings has recalled all warrants issued prior to the time the lawsuit was filed, has not issued any warrants since the lawsuit has been filed, and has dismissed all cases and forgiven all fines and costs due and owing to the City of Jennings imposed upon individuals before March 12, 2011.

vii.   The City of Jennings will not use separate failure to appear charges and will not report non-appearance of individuals at court dates for license suspensions to the Director of Revenue for the State of Missouri.

C. Every inmate in the Jennings Jail will be provided with a toothbrush, toothpaste, hand soap, reasonable access to a shower, reasonably sanitary surroundings, the opportunity to exercise, access to legal materials if requested, adequate medical care, and nutritious meals.  No person can be charged any money for any time spent in jail or for the provision of basic needs in jail.

D. All court and jail personnel will be trained by counsel for the City of Jennings and sign written acknowledgments of training on the terms of the settlement.

E. The Parties will agree to reasonable information sharing to be determined by the Parties to enable monitoring of compliance with the court order.

F. The Parties agree that, no earlier than 18 months after the Court enters the injunction, either party may move the Court to modify the injunction.  The Parties agree to engage in good faith discussions in an effort to resolve any disagreements they may have regarding modifying the injunction prior to filing any motion to modify the injunction.

3) Pursuant to the terms of their executed agreement, *see* Exhibit 2, the parties jointly move the Court to dismiss the Plaintiffs' remaining claims for declaratory and injunctive relief subject only to the continuing jurisdiction of the Court to enforce its injunction and the settlement agreement.

4) The parties continue to negotiate in good faith to come to a resolution of the Plaintiffs' claims for damages.

Respectfully submitted,

| | |
|---|---|
| _____/s/____D. Keith Henson_____<br>D. Keith Henson MBE #31988MO | ___/s/ Alec Karakatsanis_____<br>Alec Karakatsanis (E.D.Mo. Bar No. 999294DC) |
| *Counsel for the City of Jennings* | ___/s/ Thomas B. Harvey_____<br>Thomas B. Harvey (MBE #61734) |
| | ____/s/ Michael-John Voss_____<br>Michael-John Voss (MBE #61742) |
| | _/s/ John J. Ammann_____<br>John J. Ammann (MBE #34308) |
| | __/s/ Stephen Hanlon_____<br>Stephen Hanlon (MBE #19340) |
| | _/s/ Brendan Roediger_____<br>Brendan Roediger (E.D.Mo. Bar No. IL6287213) |
| | Counsel for Plaintiffs |