IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA JENKINS, EDWARD BROWN, KEILEE FANT, BYEON WELLS, MELDON MOFFIT, ALLISON NELSON, HERBERT NELSON, JR., and TONYA DEBERRY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF JENNINGS, <br><br> Defendant. | Civil Action No.: 4:15-CV-00252-CEJ |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE, AND SCHEDULING A FINAL SETTLEMENT HEARING**

The Court has considered the Class Action Settlement Agreement and its Exhibits, the Parties' Motion for Preliminarily Approval of Class Action Settlement, directing dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All defined terms contained herein have the same meaning as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court as Exhibit 1 to the Joint Motion for Preliminary Approval of Class Action Settlement ("Settlement Agreement");

2. The Class Representatives and the Defendant, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3. The Court preliminarily concludes that, for the purposes of approving this Settlement only and for no other purpose and with no other effect on the Litigation should the proposed Settlement Agreement not ultimately be approved

or should the Effective Date not occur, the proposed Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of the Class Representatives are typical of the claims of the members of the proposed Class; (d) the Class Representatives will fairly and adequately protect the interests of the Members of the Class; (e) the counsel of record for the Class Representatives are qualified to serve as counsel for the Class Representatives in their own capacities as well as their representative capacities and for the Class; (f) common issues will likely predominate over individual issues; and (g) a class action is superior to other available methods for an efficient adjudication of this controversy.

4. The moving parties also have presented to the Court for review a Class Action Settlement Agreement attached as Exhibit 1 to the Joint Motion for Preliminary Approval of Class Action Settlement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval.

5. The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Notice of Pendency of Class Action, Proposed Settlement, and Hearing to the Class Members. This determination permitting notice to the Class is not a finding that the Settlement Agreement is

fair, reasonable, and adequate, but simply a determination that there is probable cause to submit the Proposed Settlement to the Class Members.

6. The moving parties have presented to the Court for review a plan to provide to the proposed Class notice of the terms of the Settlement and the various options the Class has, including, among other things, the option for Class Members to opt out of the class action; the option to be represented by counsel of their choosing and to object to the proposed Settlement; and/or the option to become a Claimant. The notice will be published consistent with the requirements of the Settlement Agreement. The mailing and publication of notice described in the Settlement Agreement constitutes the best practical Notice of the Final Hearing to Approve the Settlement, the Proposed Settlement, Class Counsel's Application for Fees and Expenses, and all other matters set forth in the Notice of Pendency of Class Action, Proposed Settlement, and Hearing, and constitutes valid, due, and sufficient notice to all members of the Settlement Class, and complies fully with the requirements of Fed.R.Civ.P. 23(c)(2)(B), the Constitutions of the United States and State of Missouri, the Settlement Class Members' rights of due process, and all other applicable law.

7. The Court approves the Notice of Pendency of Class Action, Proposed Settlement, and Hearing attached to the Settlement Agreement as Exhibit C to be sent to Class Members.

8. The Court takes notice of the proposed request for attorney fees and payment of incentive awards to the Class Representatives from the settlement. The requests

for attorney fees and payment of incentive fees will be reviewed by the Court at the Final Hearing to Approve the Settlement.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies that this action may proceed for settlement purposes as a class action on behalf of a class defined as:

    **All persons who were placed and/or kept in the custody of the City of Jennings Jail after being detained pursuant to a warrant issued by the City of Jennings Municipal Court arising from the nonpayment of a previously imposed fine or court costs and who were allegedly subjected to inhuman conditions of confinement in the City of Jennings Jail. The Class Period is from February 8, 2010 to September 16, 2015.**

2. Samantha Jenkins, Edward Brown, Keilee Fant, Byeon Wells, Meldon Moffit, Allison Nelson, Herbert Nelson, Jr., and Tonya Deberry are hereby appointed representatives of the Settlement Class.

3. Alec Karakatsanis of Equal Justice Under Law; Thomas Harvey, Michael-John Voss and Blake Strode of ArchCity Defenders; and John Ammann, Stephen Hanlon and Brendan Roediger of St. Louis University School of Law Legal Clinic are hereby appointed Class Counsel.

4. The Court hereby grants preliminary approval of the Settlement Agreement as falling within the range of possible approval and meriting submission to the Settlement Class for its consideration.

5. Notice of the proposed Settlement and the rights of Class Members to opt in and/or out of the Settlement and/or to become a Claimant shall be given by issuance of publication notice consistent with the terms of the Settlement Agreement as provided in the Notice of Pendency of Class Action, Proposed Settlement, and Hearing to be sent to potential Class Members within fourteen (14) days after the date of this Order. The Defendant shall pay all costs and expenses of providing Notice to the Class Members.

6. A hearing shall be held before this Court on **December 14, 2016 at 10:00 a.m.** to consider whether the Settlement should be given final approval by the Court. At the Final Approval Hearing, the Court will consider:

   (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

   (b) whether a Final Judgment should be entered thereon;

   (c) whether Class Counsel fairly and adequately protected the interest of the Settlement Class; and

   (d) whether Class Counsel's Application for Attorney Fees and Class Representative Compensation should be approved by the Court.

7. Written objections to the proposed settlement will be considered if received by Class Counsel and filed with the Court within ninety (90) days of the Notice Date.

8. At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the Settlement provided that each Class Member requesting to be heard files a "Notice of Intention to Appear in *Jenkins, et al. v. The City of Jennings*, 4:15-CV-00252-

CEJ" with the Court fifteen (15) days before the date of the Final Approval Hearing.

9. Class Counsel and counsel for Defendant should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

10. In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have not effect whatsoever.

IT IS SO ORDERED.

DATED: July 13, 2016

_____
Carol E. Jackson
United States District Judge