

EXHIBIT
tabbies
1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SAMANTHA JENKINS, EDWARD BROWN, )
KEILEE FANT, BYEON WELLS, MELDON )
MOFFIT, ALLISON NELSON, HERBERT )
NELSON, JR., and TONYA DEBERRY, *et al.* )
                                     )       Civil Action No.:    4:15-CV-00252-CEJ

       Plaintiffs, )
                                           )
v.                                       )
                                           )
THE CITY OF JENNINGS, )
                                           )
       Defendant. )

### SETTLEMENT AGREEMENT

Plaintiffs, by and through their counsel, and Defendant The City of Jennings, by and through its counsel, hereby enter into this Settlement Agreement providing, subject to the approval of the Court, for the Settlement of the claims herein described against The City of Jennings;

WHEREAS, Plaintiffs filed the above-captioned class action lawsuit ("Litigation") against the Defendant The City of Jennings ("Defendant") alleging that Defendant had violated Plaintiffs' constitutional rights under color of state law by incarcerating them and others similarly situated in the City of Jennings Jail because they could not afford to pay debts allegedly owed from traffic and other minor offenses and by causing the Plaintiffs and others similarly situated to be subjected to inhumane conditions of confinement in the City of Jennings Jail;

WHEREAS, Defendant has denied and continues to deny Plaintiffs' claims, and Defendant denies any wrongdoing or liability of any kind to Plaintiffs or to any member of the class (as defined hereinafter).

WHEREAS, the Parties to this Settlement Agreement have conducted and continue to conduct a thorough examination and investigation of the facts and law relating to the matters in this Litigation;

WHEREAS, the Plaintiffs and The City of Jennings have concluded that Settlement is desirable in order to avoid the time, expense, and inherent uncertainties of defending prolonged litigation and to resolve finally and completely all pending and potential claims of the Plaintiffs and all Class Members relating to the alleged conduct involved in this Litigation;

WHEREAS, Plaintiffs and Class Counsel (as defined hereinafter) recognize the costs and risks of prosecuting this Litigation, and believe that it is in their interest, and the interest of all Class Members, to resolve this Litigation, and any and all claims against Defendant The City of

Jennings, as well as all city employees who may have devised, promulgated or enforced the policy (as defined hereinafter) or participated in the conduct that is the subject of this Settlement Agreement;

WHEREAS, substantial, adversarial settlement negotiations have taken place between the Parties, including mediation conducted by Richard Sher, and, as a result, this Settlement Agreement has been reached, subject to the Court approval process set forth herein;

WHEREAS, the Parties believe that this Settlement Agreement offers significant benefits to Class Members and is fair, reasonable, adequate and in the best interest of Class Members;

WHEREAS, this Settlement Agreement is made and entered into by and among the City of Jennings and Plaintiffs Samantha Jenkins, Edward Brown, Keilee Fant, Byeon Wells, Meldon Moffit, Allison Nelson, Herbert Nelson, Jr., and Tonya Deberry individually and on behalf of a class of similarly situated persons (the "Class") for purposes of settlement. The Class Members are defined as:

> All persons who were placed and/or kept in the custody of the City of Jennings Jail after being detained pursuant to a warrant issued by the City of Jennings Municipal Court arising from the nonpayment of a previously imposed fine or court costs and who were allegedly subjected to inhumane conditions of confinement in the City of Jennings Jail. The Class Period is from February 8, 2010 to September 16, 2015.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the undersigned as follows:

## I.     DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meaning set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

A.      Class Counsel. "Class Counsel" shall mean: Alec Karakatsanis of Equal Justice Under Law, 601 Pennsylvania Avenue, NW, South Building, Suite 900, Washington, D.C. 20004; Thomas Harvey, Michael-John Voss and Blake Strode of ArchCity Defenders, 812 North Collins Alley, St. Louis, MO 63102; and John Ammann, Stephen Hanlon and Brendan Roediger of St. Louis University School of Law Legal Clinic, 100 North Tucker Blvd., St. Louis, MO 63101.

B.      Claim Form. "Claim Form" shall mean a form in substantially the same form as that attached hereto as Exhibit A.

C.      Class Members. "Class Members" refers to all persons who, during the Class Period, were placed and/or kept in the custody of the City of Jennings Jail after being detained pursuant to a warrant issued by the City of Jennings Municipal Court arising from the nonpayment of a previously imposed fine or court costs and who were allegedly subjected to

inhumane conditions of confinement in the City of Jennings Jail as identified in the summary of the State of Missouri REJIS Report provided to the City of Jennings attached as Exhibit B.

D.   Claims Period.  "Claims Period" shall mean the time period during which claims may be made by Settlement Class Members, extending from the Notice Date (defined below) until the date 120 days thereafter, including weekends and holidays, provided that if the last day of the Claims Period falls on a weekend or Federal holiday, then the end of the Claims Period shall be the next following day that is not a weekend or Federal Holiday.

E.   Class Period.  "Class Period" refers to the period between February 8, 2010 to September 16, 2015.

F.   Class List.  "Class List" shall be a list of the names and last known mailing addresses of all members of the Settlement Class as identified in the summary of the State of Missouri REJIS Report provided to the City of Jennings attached as Exhibit B.

G.   Class Notice.  "Class Notice" shall mean the Court-approved form of notice in substantially the same form as Exhibit C.

H.   Class Representatives.  "Class Representatives" shall mean Plaintiffs Samantha Jenkins, Edward Brown, Keilee Fant, Byeon Wells, Meldon Moffit, Allison Nelson, Herbert Nelson, Jr., and Tonya Deberry.

I.   Class Settlement.  "Class Settlement" shall mean the terms provided in this Settlement Agreement.

J.   Court.  "Court" shall mean the United States District Court for the Eastern District of Missouri, The Honorable Carol E. Jackson, or her duly appointed or designated successor.

K.   Defendant.  "Defendant" shall mean The City of Jennings and shall include all city employees, agents, appointed and elected officials, jailers, correction officers, prosecutors, city attorneys, and municipal judges of the City of Jennings, Missouri who may have devised, promulgated or enforced the policy (as defined hereinafter) or participated in the conduct that is the subject of this Settlement Agreement.

L.   Defendant's Counsel.  "Defendant's Counsel" shall mean D. Keith Henson of Paule, Camazine & Blumenthal, P.C., 165 North Meramec Ave., Suite 110, Clayton, MO 63105.

M.   Distribution Amount.  "Distribution Amount" shall mean the amount available from the Settlement Fund after payment of attorneys' fees and expenses and incentive awards to Class Representatives.

N.   Effective Date.  "Effective Date" shall mean thirty (30) days from the date on which the settlement has finally been approved by the Court, and/or the date on which any appeals from final approval are resolved, whichever is later.

O.   Final Approval Hearing.  "Final Approval Hearing" shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Judgment.

3

P.     Final Judgment.  "Final Judgment" shall mean the Court order that ultimately certifies the Class, approves this Settlement Agreement, approves payment of attorneys' fees and expenses, approves incentive awards to Class Representatives and the distribution amount, and makes such other final rulings as are contemplated by this Settlement Agreement.

Q.     Jail.  The City of Jennings Jail.

R.     Litigation.  "Litigation" shall mean the above captioned lawsuit pending in the United States District Court for the Eastern District of Missouri as No. 4:15-CV-00252-CEJ.

S.     Mediator.  The "Mediator" shall mean Richard Sher of Sher Corwin Winters LLC, 190 Carondelet Plaza, Suite 1100, St. Louis, MO 63105.

T.     Notice Program.  "Notice Program" shall mean the program for disseminating the Class Notice to Settlement Class Members, including public dissemination of the Summary Notice, in accordance with the terms herein.

U.     Notice Date.  Notice Date shall mean the date upon which Class Notice is mailed to known Class Members in accordance with the terms herein.

V.     Objection Date.  "Objection Date" shall mean the date agreed upon by the Parties or otherwise ordered by the Court by which Settlement Class Members must submit any objection to the Settlement Agreement's terms or provisions and submit any require statements, proof, or other materials and/or argument.

W.     Opt-Out Deadline.  "Opt-Out Deadline" shall mean the date agreed upon by the Plaintiffs and Defendant or otherwise ordered by the Court by which any Settlement Class Members who do not wish to be included in the Settlement Class and participate in the Settlement must complete the acts necessary to properly effect such election to opt-out.

X.     Opt-Out List.  "Opt-Out List" shall mean a written list prepared by the Settlement Administrator of the names of all Settlement Class Members who submit timely Requests for Exclusion or Opt-Out Notices.

Y.     Opt-Out Notice.  Opt-Out Notice or an Opt-Out Form shall mean a Request for Exclusion from the Settlement Class by a Settlement Class Member.

Z.     Parties. "Parties" shall mean the Plaintiffs and Defendant in this case.

AA.    Plaintiffs.  "Plaintiffs" shall mean Samantha Jenkins, Edward Brown, Keilee Fant, Byeon Wells, Meldon Moffit, Allison Nelson, Herbert Nelson, Jr., and Tonya Deberry.

BB.    Preliminary Approval Order.  "Preliminary Approval Order" shall mean the Order of the Court initially approving this Settlement Agreement and conditionally certifying a provisional Settlement Class in notably the same form as Exhibit D.

CC.    Release.  "Release" shall mean the release described in Section VII herein.

4

DD. <u>Released Claims</u>. "Release Claims" shall mean and include any and all claims or causes of action by or on behalf of any and all Settlement Class Members (and their predecessors, successors, heirs, administrators, executors, agents, trustees, representatives, and assignees) that are released from bringing any claim or cause of action by the Release described in Section VII herein.

EE. <u>Released Parties</u>. "Released Parties" shall mean all persons or entities against whom Released Claims will be released pursuant to the Release described in Section VII herein.

FF. <u>Request for Exclusion</u>. "Request for Exclusion" shall mean any request by any Settlement Class Member for exclusion from the Class in compliance with Section V herein.

GG. <u>Settlement</u>. "Settlement" shall mean the agreement by the Plaintiffs and Defendant to resolve the Litigation, the terms of which have been memorialized and agreed upon in this Settlement Agreement.

HH. <u>Settlement Administrator</u>. "Settlement Administrator" shall mean the qualified person or entity selected by the Parties and designated in the Preliminary Approval Order to administer the Settlement, including implementing the Notice Program. Neither Plaintiffs nor the Defendant shall have any responsibility for any acts of omissions of the Settlement Administrator. The Parties have agreed to select Dahl Administration, LLC as the Settlement Administrator.

II. <u>Settlement Agreement</u>. "Settlement Agreement" shall mean this Settlement Agreement, including any amendment hereto pursuant to Section X.D hereof, and all the exhibits attached hereto.

JJ. <u>Settlement Class Members</u>. "Settlement Class Members" shall mean all persons in the Class who do not exclude themselves pursuant to Section V herein and those who make a claim to receive a portion of the Distribution Amount.

KK. <u>Settlement Fund</u>. "Settlement Fund" shall mean a fund or funds, governed by terms to be agreed to between Class Counsel and Defendant's Counsel which shall be reserved specifically for this case and be deposited in an account at Wells Fargo Bank opened by the Settlement Administrator within seven (7) days from entry of the Final Judgment. Defendant shall provide documentation verifying that the Settlement Amount is available for distribution to the Settlement Class Members, has been specifically reserved for the sole purpose of this case, and will not be utilized for any other payments or purposes.

LL. <u>Settlement Amount</u>. "Settlement Amount" shall mean the amount of Four Million Seven Hundred and Fifty Thousand and 00/100 Dollars ($4,750,000.00) to be paid by or on behalf of the Defendant.

MM. <u>Arrest and Jailing Policy</u>. "Arrest and Jail Policy" shall mean the decisions and acts relating to individuals being arrested on failure to appear warrants for failing to pay fines and costs assessed by the Jennings Municipal Court and being incarcerated in the Jennings Jail.

## II.    REQUIRED EVENTS

Promptly after execution of this Settlement Agreement by all Parties:

1.    Class Counsel and Defendant's Counsel shall use their best efforts to cause the Court to enter the Preliminary Approval Order and the Final Judgment.

2.    The Parties to this Settlement Agreement shall jointly move for entry of a Preliminary Approval order in substantially the same form as Exhibit D, attached hereto, which by its terms shall:

(a)    Preliminarily approve the terms of the Settlement Agreement, including the certification of the Class for purposes of this Settlement Agreement only, as within the range of fair, reasonable and adequate Settlement for purposes of issuing notice;

(b)    Approve the contents of the Class Notice and Methods in the Notice Plan;

(c)    Schedule a Final Approval Hearing to review comments regarding the proposed Class Settlement and to consider the fairness, reasonableness, and adequacy of the proposed Class Settlement and the application for acceptance of attorneys' fees and reimbursement of expenses, and to consider whether the Court should issue a Final Judgment approving the Class Settlement, granting Class Counsel's request for fees and expenses, granting the incentive awards application by the Class Representatives, and dismissing the Litigation with prejudice;

and

(d)    Make the proper distribution to all Class members by means of delivering payment in the form of checks.

3.    Class Counsel and Defendant's Counsel will use their best efforts, consistent with the terms of this Settlement Agreement, to promptly obtain a Final Judgment.

4.    In the event that the court fails to issue the Preliminary Approval Order or fails to issue the Final Judgment, Class Counsel and Defendant's Counsel agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect identified by the Court provided, however, that in no event shall Defendant be required to agree to any such cure that would increase the cost or burden of this Settlement Agreement to the Defendant.

5.    The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement and shall promptly perform their respective obligations set forth herein.  Any disputes regarding the Parties' obligations under this paragraph shall be submitted for decision by Judge Carol E Jackson or her designated representative and her decision shall be binding on the Parties.

6.     Neither this Settlement Agreement nor any negotiations shall be construed, offered, received as, or deemed to be, evidence of an admission or concession by Plaintiffs or the Class of lack of merit, or by Defendant of any liability or wrongdoing whatsoever, whether as alleged in the Complaint or otherwise with Defendant denying any liability or wrongdoing to the Plaintiffs and the Class for any claims alleged in the Complaint or otherwise.

7.     In the event that the Court does not approve any part of this Settlement Agreement and settlement, then this entire Settlement Agreement and settlement shall become null and void except that Plaintiffs, Class Counsel, and Defendant may agree in writing to proceed with a modified settlement and apply for Court approval of that modified settlement. In the event that Settlement Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply to it and all negotiations surrounding it. No admission of law or fact, or combination thereof, will be found to exist as a result of this Settlement Agreement. If this Settlement Agreement fails to be approved or otherwise fails to be consummated in accordance with its terms:

(a)     Plaintiffs shall be entitled to continue this action on behalf of themselves and the Class in accordance with the rulings, circumstances, and procedural posture that existed in this case on January 15, 2016, the date on which Plaintiffs, Class Counsel, and Defendant agreed to the terms of this settlement.

(b)     Defendant shall retain all rights to continue its defense to this case in accordance with the rulings, circumstances, and procedural posture that existed in this case on January 15, 2016, the date on which Plaintiffs, Class Counsel, and Defendant agreed to the terms of this settlement.

## III.     SETTLEMENT TERMS

### A.     Settlement Fund

1.     Upon entry of the Final Judgment Order, the Settlement creates a Settlement Fund of Four Million Seven Hundred Fifty Thousand and 00/100 Dollars ($4,750,000.00). Before distribution to the individual Class Members, 25% of the Settlement Fund will be utilized to pay any and all attorneys' fees and costs subject to court approval. After attorneys' fees and costs have been paid by the Settlement Fund, subject to Court approval, an additional Ten Thousand and 00/100 Dollars ($10,000.00) will be distributed to each of the eight (8) Class Representatives as incentive awards for being the faces of this Litigation and for the time and energy spent in assisting with the investigation, drafting, and negotiation of this litigation.

2.     Any and all administrative expenses, such as costs of settlement administration, mailing of Class Notice and Claim Forms to Class Members, providing adequate notification of Class Notice and Claim Form by way of mail, website, or other media, or other administrative costs will not be deducted from the above Settlement Fund, but instead shall be paid by the Defendant through personal funds outside of the Settlement Fund.

3.     The Settlement Fund shall only be used to pay any and all attorneys' fees and costs, to pay each of the eight (8) Class Representatives their earned incentive awards, to be

distributed to the remaining class members utilizing the method set out below, and finally to be distributed to the Friends of Jennings School District Foundation as set out below.

**B.    Payments to Class Members**

1.    The Settlement Fund will be distributed as follows:  Twenty-five percent (25%) of the Settlement Fund in the amount of One Million One Hundred Eighty-seven Thousand Five Hundred and 00/100 Dollars ($1,187,500.00) will pay for any and all attorneys' fees and costs and Eighty Thousand and 00/100 Dollars ($80,000.00) will be equally divided and distributed among the eight (8) Class Representatives as incentive awards for initiating this Litigation.  The remaining amount will be paid to the Class Members who submit a valid claim and donated to the Friends of Jennings Foundation based on the following calculations:

(a)    The total amount remaining in the Settlement Fund after deduction of attorneys' fees and costs and incentive awards will be divided by the total number of days in jail served by potential Class Members.  This amount will constitute the *per diem* damages award.  The Parties agree to use the records obtained from the State of Missouri's REJIS system obtained by the City of Jennings and relied upon by the Parties during the mediation negotiations to determine potential Class Members and the number of days spent in jail by potential Class Members with the summary of the records attached as Exhibit B.  Those records document a total of 1,967 potential Class Members and 8,359 days spent in jail by potential Class Members.

(b)    An initial damages amount will then be calculated for each Class Member who submits a valid claim in an amount arrived at by multiplying the number of days each individual spent in jail by the per diem damage award described in (a).

(c)    After the initial calculations for distribution to Class Members who submit a valid claim are deducted from the Settlement Fund, the remaining funds not to exceed the sum of Three Hundred Thousand and 00/100 Dollars ($300,000.00) shall be donated to the Friends of Jennings School District Foundation (hereinafter "Friends of Jennings").

(d)    If there is any amount of the Settlement Fund remaining after payment of attorneys' fees and costs, Class Representative incentive awards, the amount calculated for Class Member distributions, and the donation to the Friends of Jennings, the Parties shall proportion the remaining amount to those Class Members who made claims, again proportioning the calculated distribution based on the number of days spent by each Class Member in jail multiplied times an adjusted *per diem* damages award.  This adjusted *per diem* damages award will be calculated based upon the total amount remaining in the Settlement Fund after deduction of attorneys' fees and costs, incentive awards, the initial *per diem* distribution to all Class Members who submit a valid claim and the donation to the Friends of Jennings divided by the total number of days in jail served by the Class Members who submit a valid claim.

If any checks are not cashed within two (2) months of the distribution, the Settlement Administrator will notify the Parties of the identities of those Claimants who failed to cash their check. If there is money remaining in the Settlement Fund three (3) months after the payment to the Class Members who make valid claims, then that money will be distributed to the Friends of Jennings.

2.      Records have been provided by the Defendant in order to acquire the name and address of each Class Member. The Parties will cause to be mailed to each Class Member the Class Notice and Claim Form with return envelopes for Class Members to mail back. Upon completion of their Claim Form, the Class Members will insert their completed Claim Form into the provided return envelope to mail to the Settlement Administrator.

(a)    Once the Settlement Administrator receives all claim forms, the Settlement Administrator shall make a list of the Claimants and calculate the total number of days spent in Jennings Jail by each Claimant relevant to the Class definition. The Parties agree that the Settlement Administrator shall use the official records maintained by the State of Missouri's REJIS system as obtained by the City of Jennings and relied upon by the Parties during mediation with a summary of the records attached as Exhibit B.

(b)    The Settlement Administrator shall proportion the distribution of funds to the Class Members by dividing the total amount of money by the number of days in jail served by potential Claimants according to the REJIS records. The total amount of money divided by the total number of days shall be the *per diem* damage award paid to each Claimant for each day spent in the Jennings Jail.

(c)    The *per diem* damage award for each day spent in the Jennings Jail shall be Four Hundred Sixteen and 61/100 Dollars ($416.61). The *per diem* damage award is calculated by dividing the Net Settlement Fund after the deduction of attorney fees and costs and incentive awards to the Plaintiffs in the amount of Three Million Four Hundred Eighty-two Thousand Five Hundred and 00/100 Dollars ($3,482,500.00) by 8,359 days served by the potential Claimants in jail.

3.      The Class List will be prepared and provided by Defendant's counsel to Class Counsel and to the Claims Administrator to facilitate notice to the Class Members as is contained in the summary of the State of Missouri REJIS Report attached as Exhibit B.

4.      Both Parties anticipate that late claims may be filed subsequent to the end of the claims period. Late claims may be allowed, if submitted on or before the date of the Final Approval Hearing, for good cause shown as agreed by the Parties; provided, however, that any claims submitted more than twenty (20) days after the end of the claim period shall not be allowed. To the extent that the Parties cannot agree that good cause is shown, the Settlement Administrator shall make the final decision regarding whether to allow a late claim. All late

claims will be approved by the Court prior to being paid as part of the distribution of the Settlement.

5.     After the Final Approval Hearing described below, the Settlement Administrator shall send checks to each Claimant who submits a valid claim pursuant to the distribution calculated in Section III.(B) within fourteen (14) days of the Effective Date.  If after three (3) months a check remains uncashed and money remains in what is left of the Settlement Fund, the remainder shall be donated to the Friends of Jennings.

6.     The Parties expressly agree that the funds paid herein are not intended to be payment for economic damages or for punitive damages, but are intended to be payment for damages on account of alleged personal injuries, including, but not limited to, bodily injury, mental and emotional distress, and pain and suffering, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.  Despite the Parties' intentions, the Plaintiffs, Class Counsel, Defendant's Counsel, and Defendant make no representations regarding the taxability or non-taxability of any payments made hereunder, and the Parties agree that Defendant, the Settlement Administrator, and Defendant's insurers shall not be responsible for payment of any taxes on the amounts paid hereunder to Plaintiffs, Class Representatives, Class Members, or Class Counsel.  All payment of taxes or other assessments to the state or federal authorities on the amounts paid under this Settlement Agreement, if any, shall be the sole responsibility of Plaintiffs, Class Representatives, Class Members, and Class Counsel with respect to their portion of the Settlement Funds; Plaintiffs, Class Representatives, Class Members, and Class Counsel hereby agree to indemnify and hold harmless Defendant, the Settlement Administrator, and Defendant's insurers from any such liability for taxes or other assessments to the state or federal authorities on amounts paid under this Settlement Agreement.

**C.     Attorneys' Fees and Expenses**

Class Counsel will petition the Court for an award of attorneys' fees and costs in the amount not to exceed 25% of the entire Settlement Amount.  The Parties agree that Defendant considers such an amount to be reasonable in light of the effort expended in investigating this case, the significance of the relief obtained for thousands of Class Members, and the efficiency with which negotiation of equitable and compensatory relief was obtained.  The Parties therefore agree jointly to ask the Court to make such an award.  Any award of attorneys' fees includes any and all applicable taxes, court costs, or other fees.  In the event that the Court does not approve the requested amount of attorneys' fees and costs of twenty-five percent (25%) of the Settlement Fund, and approves some lesser amount, that fact will not void this Settlement Agreement; provided, however, that Class Counsel reserves the right to appeal any such decision.  The Parties agree that the Settlement will proceed as specified in this Agreement regardless of the amount of attorneys' fees and costs approved and awarded by the Court. Class Counsel will be paid for their attorneys' fees and costs approved by the Court within ten (10) days of the Effective Date.

**D.     Forgiveness of Fines and Costs**

As part of the consideration for this Settlement, Defendant will forgive all fines and costs assessed by the City of Jennings Municipal Court against all Class Members identified in the

summary of the State of Missouri REJIS records attached as Exhibit B who receive a distribution from the Settlement Fund pursuant to a valid claim approved by the Settlement Administrator.

## IV.     NOTIFICATION TO CLASS MEMBERS

### A.     <u>Responsibilities of the Settlement Administrator</u>

1.     The Parties shall appoint Dahl Administration, LLC to serve as the Settlement Administrator who will fulfill various duties described more in detail below including implementing the terms set out in this Settlement Agreement and the Notice Program.

2.     The Settlement Administrator shall be responsible for: mailing Class Notice to every Class Member, mailing a Claim Form to every Class Member, posting the Class Notice in the Jennings Jail and Jennings City Hall, providing access to copies of Claim Forms in the Jennings Jail and Jennings City Hall, uploading the Class Notice and Claim Forms to the World Wide Web by means of a website managed by the Settlement Administrator, distributing notice through publications in the *St. Louis American* on at least one day per week for three consecutive weeks commencing on the Notice Date , distributing payments to the Settlement Class Members, and otherwise administering the Notice Program.  The Settlement Administrator will maintain an appropriate insurance policy to protect against any violation of its fiduciary duty to the Court, Class Members, Class Counsel, and Defendant's Counsel.  The Notice Program shall comply with all requirements of applicable law.

3.     The Settlement Administrator will provide information about the Settlement to Class Members, including notice and claims documents, court documents, and a copy of the Settlement Agreement on a settlement website.

### B.     <u>Notice</u>

1.     Beginning no later than fourteen (14) days from the date of the Preliminary Order Approving Settlement ("Notice Date"), the Settlement Administrator shall initiate the Notice Program. Such Notice Program will be completed with immediacy in accordance with the terms of the Settlement Agreement.  Prior to the Final Approval Hearing, Plaintiffs and/or the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this section.

2.     Notice will be provided to the Class by direct mailing of Class Notice and a Claim Form to all potential Class Members at their last known or readily ascertainable address. Defendant shall provide the summary of the State of Missouri REJIS Report attached as Exhibit B to the Settlement Administrator in order to commence the Notice Program.

3.     Additional notice shall also be posted on the internet on the website of the City of Jennings.

4.     Additional notice will be provided to the Class Members by way of posting the Class Notice and Claim Form at the Jennings Jail and Jennings City Hall.

11

5.     The Settlement Administrator shall also provide a copy of the Class Notice and Claim Form to any person who inquires through means of written communication, by way of the toll-free telephone number established by the Settlement Administrator, and by way of e-mail communication also established by the Settlement Administrator.  The Settlement Administrator will further upload downloadable and printable copies of notices, Claim Forms, court decisions, the Settlement Agreement, and information to Class Members through the Settlement Website at a mutually agreed upon address.

6.     If, after the initial mailing, any Class Notices are returned as undeliverable, the Settlement Administrator will make reasonable efforts to attempt to locate the relevant Settlement Class Members by way of national locator database or contacting the Jennings Jail/ relevant City of Jennings' employee to find a potential new address. In the event a new address is located, the Settlement Administrator will ensure another Class Notice and Claim Form is mailed to the new address.

7.     Prior to the Final Approval Hearing, the Settlement Administrator shall provide an affidavit to the Court, with a copy to Class Counsel and Defendant's Counsel, recounting all actions taken to provide Notice of the Settlement.  The Settlement Administrator will further provide an affidavit recounting any and all activity on the Settlement Website, including number of visitors and number of documents downloaded, and any and all activity through correspondence of e-mail or the toll-free telephone number between the Settlement Administrator and the potential Class Members.

8.     The Settlement Administrator (and any person retained by the Settlement Administrator) shall sign a confidentiality agreement in a form agreed upon by the Parties, which shall provide that the names, addresses and other information about specific Class Members and/or specific Class Members that is provided to it by Defendant, Class Counsel, or by individual Class Members, shall be treated as confidential and shall be used only the Settlement Administrator as required by this Settlement Agreement.

9.     Claim Forms must be postmarked on or before the 120th day from the Notice Date in order to be considered timely submitted, however, Claim Forms postmarked after this date shall be accepted by the Parties if received before the Final Approval Hearing and submitted in good faith within twenty (20) days after the 120th day from the Notice Date.

10.    The Settlement Administrator will advise Class and Defendant Counsel with information regarding who has filed Claim Forms within five (5) business days of receipt of a Claim Form.  If information on a submitted Claim Form is insufficient, unreadable, incomplete, or left blank, the Settlement Administrator shall contact the person who submitted the Claim Form and aid the person in completing the information.

11.    Defendant shall have the right to challenge the submitted Claim Forms as not meeting the Class definition.

12.    The Settlement Administrator shall have final authority to determine whether individuals who have submitted Claims Forms qualify as Settlement Class Members.

## V.    REQUESTS FOR EXCLUSION BY SETTLEMENT CLASS MEMBERS

A.    The provisions of this paragraph shall apply to any Request for Exclusion.  Any Settlement Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Settlement Administrator within forty-five (45) days from the Notice Date.  Any Request for Exclusion must be postmarked no later than the Opt-Out Deadline.  Any Request for Exclusion shall include the name, address, and telephone number of the person requesting exclusion and include a clear statement indicating that person chooses to be excluded from the Settlement, does not wish be a Settlement Class Member and chooses to be excluded from any judgment entered pursuant to the Settlement.

B.    Any Settlement Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

C.    Not later than three (3) business days after the deadline for submission of Requests for Exclusion, the Settlement Administrator shall provide an Opt-Out List to Class Counsel and to Defendant's Counsel together with copies of each Request for Exclusion.  Class Counsel and Defendant's Counsel shall jointly report the names appearing on the Opt-Out List to the Court at the time of the Final Approval Hearing.

D.    Class Counsel agrees that they will not represent any individual who opts out from the Settlement in asserting claims against the Defendant that are the subject of this Agreement.

## VI.    OBJECTIONS BY SETTLEMENT CLASS MEMBERS

A.    After the Settlement Class has been determined and certified, a period of time will be established in order to allow for approved Settlement Class Members to make Objections to the Settlement.  Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection by the Objection Date.  Any Objection must be postmarked no later than the Objection Date.  Such objection shall state the name, address and telephone number of the person, as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents said person wishes to be considered in support of the objection.

B.    No objecting Class Member will be permitted to appear and object at the Final Approval Hearing unless he or she has timely filed and served a written objection and filed a Notice of Intention to Appear with the Court.  Class Members or their attorneys intending to make an appearance at the Final Approval Hearing must, no later than fifteen (15) days prior to the Final Approval Hearing, file with the Court and serve Class Counsel and Defendant's counsel with a Notice of Intention to Appear that (i) states how much time the Class Member and/or his/her attorney anticipates needing to present his or her objection; (ii) identifies by name, address, and telephone number the Class Member making the objection, and a summary of the testimony supporting the objection; (iii) identifies by name, address, and telephone number all witnesses the Class Member and/or his/her attorney intends to present testimony from, including

13

a summary of the testimony; (iv) identifies all exhibits the Class Member and/or his/her attorney intends to offer in support of the objection(s) and attaches complete copies of all exhibits; and (v) contains the signature of the Class Member making the objection and a statement under penalty of perjury that the individual is a member of the Class, *i.e.* that the individual was placed and/or kept in the custody of the City of Jennings Jail during the relevant time period.

      C.    Upon certification of the Class, the Settlement Administrator shall cause information regarding a Settlement Class Member's right to make an objection and instructions on how to make an objection to be mailed to each Certified Class Member. This information will include instructions for a Settlement Class Member to state an objection, their grounds for the objection, an option to request to be heard at the Final Approval Hearing if they so desire, and instructions regarding the objection process.

      D.    The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' Objections to the Settlement Agreement, in accordance with such Settlement Class Members' due process rights. The Preliminary Approval Order and Class Notice will require all Settlement Class Members who have any objections to file such notice of objection or request to be heard, with the Clerk of the Court. Upon such filing, the Clerk of the Court shall provide notice of objection or request to be heard, including all papers or evidence in support thereof, upon the Class Counsel and Defendant's Counsel. The Preliminary Approval Order will further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court shall not be heard during the Final Approval Hearing, nor shall the Court consider their Objections.

      E.    In accordance with law, only Settlement Class Members who have objected to the Settlement pursuant to the terms above may appeal any Final Judgment. The proposed Final Judgment shall provide that any Settlement Class Member who wishes to appeal the Final Judgment, even though appeal will delay the distribution of the Settlement to the Class, shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such an appeal.

## VII.    RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT

      A.    By this Settlement Agreement and specifically as provided in this Paragraph, Defendant, and all of its respective affiliates, predecessors, operating units, related corporations, successors and assigns, officers, agents, representatives, insurers, and all of their past, present, and future employees, supervisors, officers, directors, agents, elected and appointed officials, municipal administrators, correction officers, municipal judges, jailers, attorneys and any person or entity which can be held jointly and severally liable with any of them ("Released Parties"), are released from any and all claims, causes of action, liabilities, demands, and causes of action, fixed or contingent, that were, could have been, or should have been asserted by the Plaintiffs or any member of the Class against the Released Parties based upon or related in any way to the arrest and jailing policy, unpaid court debts, and conditions of confinement in the City of Jennings Jail that are the subject of the Litigation and for any claim asserted, or that could have been asserted in the Litigation and the Complaint in Case No. 4:15-CV-00252-CEJ arising out of

14

the arrest and jail policy, unpaid court debts, and conditions of confinement in the City of Jennings Jail ("Released Claims").

B.     This Settlement Agreement does not affect the rights of Settlement Class Members who timely and properly exclude themselves from the Settlement.

C.     The administration and implementation of the Settlement as exemplified in this Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release.  The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to orders enjoining Settlement Class Members from prosecuting claims that have been released pursuant to the Settlement Agreement.

D.     Said Release as explained above shall be in effect upon the Effective Date of this Settlement. Further, Class Counsel shall be paid their Court-approved attorneys' fees and cost within ten (10) days of the Effective Date.

E.     Upon the Effective Date and the conclusion of any appeals:

    (i)     The Settlement Agreement shall be exclusive remedy for any and all Released Claims of Class Members;

    (ii)    The Released Parties shall not be subject to liability or expense of any kind to any settlement Class Members or their successors, predecessors, or assigns except as set forth herein;

    (iii)   Class Members and their successors, predecessors, and assigns shall be permanently barred from initiating, asserting, or prosecuting any and all Released Claims against any Released Party in any federal or state court in the United States or any other tribunal; and

    (iv)    The Plaintiffs and the Defendant shall file a Stipulation of Dismissal of the lawsuit with prejudice with each Party to be responsible for and pay their own costs and attorney fees.

F.     Tolling of Statute of Limitations.  Defendant agrees that, with respect to any claims asserted in the Litigation that are subsequently asserted by any member of the Class who has properly opted out of the Settlement, Defendant shall not assert any statute of Limitations, repose, or laches defense unless such defense (i) existed as of February 8, 2015, the date this class action was filed, or (ii) arose after a Request for Exclusion was effected pursuant to Section V, or (iii) a combination thereof.

## VIII.   INCENTIVE AWARDS TO CLASS REPRESENTATIVES

Given the efforts of the named Plaintiffs for being the faces of this Litigation on behalf of the Class, Defendant will not oppose an application for awards of Ten Thousand and 00/100

Dollars ($10,000.00) each on behalf of the Class Representatives Samantha Jenkins, Edward Brown, Keilee Fant, Byeon Wells, Meldon Moffit, Allison Nelson, Herbert Nelson, Jr., and Tonya Deberry. It is agreed between the Parties that the Class Representatives provided considerable assistance to Class Counsel in their prosecution of this action. Class Representatives are also eligible for payment through the distribution of the Settlement Fund once attorneys' fees and costs and their incentive awards have been allocated.

## IX.   REPRESENTATIONS, WARRANTIES AND COVENANTS

A.   Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiffs, to execute deliver, and perform this Settlement Agreement and to perform all of the transactions contemplated hereby. This Settlement Agreement has been validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid, and binding obligation.

B.   Defendant, through their undersigned attorney, represents and warrants that they have the authority to execute, deliver, and perform this Settlement Agreement and to perform all of this Settlement Agreement and performance by them of the actions contemplated hereby have been duly authorized by all necessary corporate action on part of Defendant. This Settlement Agreement has been validly executed and delivered by Defendant and constitutes their legal, valid, and binding obligation.

## X.   MISCELLANEOUS PROVISIONS

A.   This Settlement Agreement, and the exhibits and related documents hereto, are not, and shall not at any time be construed or be deemed to be, or to evidence, any admission against or concession by Defendant with respect to any wrongdoing, fault, or admission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Judgment as contemplated herein. Any payment of monies on behalf of the Defendant, or any other action taken, by the Defendant pursuant to any provision of this Settlement Agreement, shall not at any time be construed or deemed to be, or to evidence, any admission against or concession by Defendant with respect to any wrongdoing, fault, or admission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in the entry of a Final Judgment as contemplated herein. Defendant denies any liability to Plaintiff and to all members of the Class for any claim described in the Settlement Agreement and in the Litigation. This provision shall survive the expiration or voiding of the Settlement Agreement.

B.   This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Effective Date does not occur for any reason or the Final Judgment is not entered, then this Settlement Agreement, including any Releases or dismissals hereunder, is cancelled. In the event this Settlement Agreement is cancelled or deemed cancelled, no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Litigation or any other litigation, and all Parties shall be restored to their prior positions as if the mediation had never occurred and the Settlement Agreement had not been entered into.

C.      The heading of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its interpretation.

D.      This Settlement Agreement, including all exhibits attached hereto, may not be modified or amended except in writing signed by all of the Parties or their counsel.

E.      This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

F.      This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of Missouri, without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

G.      Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear its own costs of the Litigation.

H.      If any clause, provision or paragraph of this Settlement Agreement is deemed illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect the remaining clauses, provisions, or paragraphs of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegality, invalidity, or unenforceability had not been included herein.

I.      The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable time extensions that may be necessary to fully implement any of the provisions of this Settlement Agreement.

J.      All applications for Court approval or Court orders required under this Settlement Agreement shall be made on notice to Plaintiffs and Defendant.

K.      The determination of the terms of, and the drafting of, this Settlement Agreement, including its exhibits, has been by mutual agreement after mediation, with consideration by and participation of all Parties and their counsel.  Since this Settlement Agreement was drafted with the participation of both Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  Each of the Parties was represented by competent and effective counsel throughout the course of Settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.  In entering into this Settlement Agreement, none of the Parties relied on advice received from any outside party or their counsel.

L.      Integrated Agreement:

1.      All of the exhibits to this Settlement Agreement are material and integral parts hereof, and are fully incorporated herein by reference.

17

2.       This Settlement Agreement and exhibits hereto constitute the entire, fully integrated agreement among the Parties and cancel and supersede prior written and unwritten agreements and understandings pertaining to the Settlement of this Litigation.

M.       Notice:

1.       Any notice, request, instruction, or other document to be given by any party to this Settlement Agreement to any other party to this Settlement Agreement (other than Class Notice) shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid:

If to Defendant:  D. Keith Henson of Paule, Camazine & Blumenthal, P.C., 165 North Meramec Ave., Suite 110, Clayton, MO  63105.

If to Class Counsel: Alec Karakatsanis of Equal Justice Under Law, 916 G Street, NW Suite 701, Washington, D.C.  20001; Thomas Harvey, Michael-John Voss and Blake Strode of ArchCity Defenders, 812 North Collins Alley, St. Louis, MO   63102; and John Ammann, Stephen Hanlon and Brendan Roediger of Saint Louis University School of Law Legal Clinic, 100 North Tucker Blvd., St. Louis, MO  63101.

N.       Dispute Resolution.  The Parties agree that any disputes regarding the terms and conditions of this Settlement Agreement shall be submitted to Richard Sher, who shall attempt to mediate such dispute, and if such dispute cannot be resolved via mediation, the Honorable Carol E. Jackson shall decide such dispute. Richard Sher's decision shall be final and binding.

IN WITNESS WHEREOF, Plaintiffs and Defendant through their respective counsel have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated:  _____7-1-2016_____

_____
Alec Karakatsanis (E.D. Mo.Bar No. 999294 DC)

Equal Justice Under Law
916 G Street, NW Suite 701
Washington, D.C.  20001
(202) 681-2409
alec@equaljusticeunderlaw.org

Dated: _7-5-2016_

_____
Thomas B. Harvey (MBE #61734)

Dated: _7-5-2016_

_____
Michael-John Voss (MBE #61742)

18

Dated: 7/6/16

Blake A. Strode (MBE #68422)
ArchCity Defenders
812 North Collins Alley
St. Louis, MO  63102
(855) 724-2489

Dated: 7 - 1 - 16

John J. Ammann (MBE #34308)

Dated: 7/6/16

Stephen Hanlon (MBE #19340)   /BAS

Dated: 7/1/16

Brendan Roediger (E.D.Mo. Bar No. IL 6287213)
Saint Louis University School of Law
100 N. Tucker Blvd.
St. Louis, MO  63101-1930
(314) 977-2778
broedige@slu.edu
*Attorneys for Plaintiffs and the Class*

Dated: 6/29/16

D. Keith Henson, #31988MO
Paule, Camazine & Blumenthal, P.C.
165 North Meramec Ave., Suite 110
Clayton, MO  63105
(314) 727-2266
khenson@pcblawfirm.com
*Attorney for Defendant The City of Jennings*