IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA JENKINS, EDWARD BROWN, KEILEE FANT, BYEON WELLS, MELDON MOFFIT, ALLISON NELSON, HERBERT NELSON, JR., and TONYA DEBERRY, *et al.* | ) ) ) ) ) |
| Plaintiffs, | ) Civil Action No.: 4:15-CV-00252-CEJ ) ) |
| v. | ) ) |
| THE CITY OF JENNINGS, | ) ) |
| Defendant. | ) ) |

**PROPOSED ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The Court has considered the Class Action Settlement Agreement and its Exhibits, the Parties' Joint Motion for Final Approval of Class Action Settlement, the Parties' Memorandum in Support of Joint Motion for Final Approval of Class Action Settlement, and all other papers filed in this action. On July 13, 2016, this Court preliminarily approved this settlement. At that time, this Court certified this case as a class for settlement purposes and the Court appointed Thomas Harvey, Michael-John Voss and Blake Strode of ArchCity Defenders; Alec Karakatsanis of Civil Rights Corps[1]; and John Ammann, Stephen Hanlon and Brendan Roediger of St. Louis University School of Law Legal Clinic as Class Counsel.

The matter having been submitted and good cause appearing therefore, the Court finds as follows:

---

[1] Mr. Karakatsanis was formerly with Equal Justice Under Law. All Class Representatives were informed of the change in Mr. Karakatsanis's status and have affirmatively agreed to retain Mr. Karakatsanis in his capacity with Civil Rights Corps.

1

1.  All defined terms contained herein have the same meaning as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with the Court ("Settlement Agreement").

2.  Notice in this case was completed by the administrator, Dahl Inc., a nationally known class-administration firm with significant experience. The Court recognizes and approves the content of the Affidavit provided by Dahl, Inc. regarding the notice attached as Exhibit 1 to the Memorandum in Support of the Joint Motion for Final Approval of Class Action Settlement.

3.  The Court finds that there were no opt-outs or objections to this settlement.

4.  The Court finds that all aspects of Class Notice were accomplished in accordance with this Court's preliminary approval of the Settlement.

5.  The Parties have agreed that 25% of the common fund will be allocated for attorneys' fees, for a total of $1,187,500. This amount is reasonable given the nature of this case and the work of Class Counsel. This case is complex and involves questions of constitutional law and interpretation as well as issues of sovereign immunity and municipal liability. Class Counsel worked diligently on the case and moved it towards settlement as quickly as practicable. This was a result of aggressive, persistent litigation. Further, the benefits to the Class are significant. Finally, attorneys' fees were negotiated at arms-length and approved by both Parties, including the Class Representatives. There have been no objections by Class Members. Based on the above, the Court finds that the requested attorneys' fees are fair and reasonable and should be paid from the settlement.

6.  The Court finds that the Class Representative payments of $10,000 each to Samantha Jenkins, Edward Brown, Keilee Fant, Byeon Wells, Meldon Moffit, Allison Nelson,

Herbert Nelson, Jr., and Tonya DeBerry are fair and reasonable and should be paid from the settlement.

    7.    Further, this Court hereby:

        a.    Finds that all things ordered by this Court in its Order Granting Preliminary Approval of Class Action Settlement have been accomplished;

        b.    Finds that Class Counsel have fairly and adequately protected the interests of the Settlement Class;

        c.    Finds that all requirements of statutes, rules, and the United States Constitution necessary to effectuate this Agreement have been met and satisfied;

        d.    Gives final approval to the Settlement Agreement as fair, reasonable, and adequate to the Class Members;

        e.    Approves the award of Class Counsel's attorney fees in the amount of $1,187,500 and Class Representative compensation in the amount of $10,000 per Class Representative pursuant to the Settlement Agreement;

        f.    Recognizes that by entering into the Settlement Agreement, Defendant City of Jennings has not admitted any wrongdoing or liability on its part and denies the same. The Court recognizes that the Settlement Agreement between the Parties is a compromise of disputed claims; and

        g.    Recognizes that Class Counsel have done an admirable job of representing the interests of the Class; Class Representatives have represented the Class fairly and adequately, giving up their time to secure relief that will benefit thousands of people; counsel for the Defendant City of Jennings has

provided excellent representation for his client; thus, final approval is in the best interest of the Parties and the Class.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. The Settlement Agreement is given final approval as fair, reasonable, and adequate for the settlement of the claims of the Class Members.

2. The Parties will comply with the terms of the Settlement Agreement with the terms of the Settlement being incorporated in this Order.

3. All members of the Settlement Class, their heirs, executors, administrators, successors, and assigns are bound by this Final Order. The Class is defined as:

> All persons who were placed and/or kept in the custody of the City of Jennings Jail after being detained pursuant to a warrant issued by the City of Jennings Municipal Court arising from the nonpayment of a previously imposed fine or court costs and who were allegedly subjected to inhuman conditions of confinement in the City of Jennings Jail. The Class Period is from February 8, 2010 to September 16, 2015.

4. The Defendant City of Jennings, and all of its respective affiliates, predecessors, operating units, related corporations, successors and assigns, officers, agents, representatives, insurers, and all of their past, present, and future employees, supervisors, officers, directors, agents, elected and appointed officials, municipal administrators, correction officers, municipal judges, jailers, attorneys and any person or entity which can be held jointly and severally liable with any of them (Released Parties), are released from any and all claims, liabilities, demands, and causes of action, fixed or contingent, that were, could have been, or should have been asserted by the Plaintiffs or any member of the Class against the Released Parties based upon or related in any way to the arrest and jailing policy, unpaid court debts, and conditions of confinement in the City of Jennings Jail that are the subject of the litigation and for any claim asserted, or that could have been asserted in the Litigation and the Complaint in Case No. 4:15-CV-0252-CEJ arising out of

the arrest and jail policy, unpaid court debts, and conditions of confinement in the City of Jennings Jail ("Released Claims").

5. In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims described in paragraph 4. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

6. Attorney fees and Class Representative payments are fair and reasonable and should be paid from the settlement pursuant to the terms of the Settlement Agreement.

7. In the event that the Effective Date occurs, this action will be deemed resolved and shall be dismissed on the merits with prejudice and (except as provided in this Order or in the Settlement Agreement) without costs and attorney fees to any party as against any other.

IT IS SO ORDERED.

Dated:_____

_____
The Honorable Carol E. Jackson
United States District Judge